UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL SALES AND SERVICE, INC.,
d/b/a Torco Racing Fuel

    Plaintiff/Counter-Defendant,

v.

    Case No. 1:06-CV-678

    HON. GORDON J. QUIST

JET LEASE PALM BEACH, INC. and
RUSSELL W. DISE,

    Defendants/Counter-Plaintiffs/
    Third Party Plaintiffs,

v.

SYRACUSE JET LEASING II, LLC and
TANDAVA, LLC,

    Third Party Defendants.

_____/

## ORDER

Pursuant to the Court's November 22, 2006, Order granting Plaintiff's motion for remand and remanding the case to the Van Buren County Circuit Court, Plaintiff has filed a motion for determination of fees, in which it seeks an award of attorney fees and costs in the amount of $6,595.88. Defendants have filed a response in which they raise three arguments. First, they contend that Plaintiff's motion should be denied because Plaintiff filed it beyond the fourteen-day period allowed in the November 22, 2006, Order. Second, they contend that the Court should not award fees because Plaintiff and Defendants had previously stipulated to a remand of the case back to state court, which Plaintiff apparently never filed with the Court. Finally, they contend that the amount of fees Plaintiff has requested is excessive. For the reasons set forth below, the Court rejects Defendant's first two arguments but agrees with the third argument.

In their first argument, Defendants assert that the deadline for Plaintiff to file its motion was December 6, 2006, but Plaintiff did not file its motion until the following day. Defendants' argument fails, because it ignores Rule 6(e), which adds three days to the prescribed period. *See* Fed. R. Civ. P. 6(e); *Reid v. New Hampshire*, 56 F.3d 332, 340 n.16 (1st Cir. 1995); *Nowak v. Ford Motor Co.*, No. 06-11718, 2006 WL 3870399, at *2 n.4 (E.D. Mich. Dec. 22, 2006).

In their second argument, Defendants contend that no fees or costs should be assessed against them because they voluntarily agreed to remand the case back to state court. Defendants state that their counsel received a letter from Plaintiff's counsel requesting that Defendant stipulate to a remand. Defendants further state that their counsel signed the stipulation and faxed it back to Plaintiffs' counsel on November 14, 2006, but for some reason the stipulation was never filed with the Court. Had the stipulation occurred under other circumstances, the Court might be willing to accept Defendant's argument. However, the circumstances in this case are that Defendants needlessly delayed giving consent to the remand, thereby forcing Plaintiff to file a motion and requiring the Court to rule on the motion. Plaintiff's counsel requested early in the case that Defendants stipulate to remand. On September 26, 2006, Plaintiff's counsel sent Defendants a letter explaining that Plaintiff's complaint did not meet the amount in controversy requirement and that Defendants' notice of removal was untimely. Plaintiff's counsel also enclosed a stipulation for remand, which would have disposed of the matter. Defendants failed or refused to sign the stipulation and, as a result, Plaintiff filed a motion for remand on October 17, 2006. Defendants did not file a response before the deadline of November 3, 2006, nor did they ever inform the Court that they would not be responding to the motion. Instead, Defendants waited until November 14, 2006, to sign the stipulation (which Plaintiff's counsel apparently re-sent on November 3, 2006). Given Defendants' recalcitrance on the issue of remand, which has never been open to question, Defendants have no basis to complain about the fee award.

The final matter concerns the reasonableness of Plaintiff's fee request. Pursuant to 28 U.S.C. § 1447(c), a court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although the language of the statute refers to "actual expenses, including attorney fees," this does not mean that the moving party should be awarded "all attorney's fees incurred, whether reasonable or not." *Ramos v. Murakami*, No. CV 06-00126 HG-LEK, 2006 WL 3248376, at *5 (D. Haw. Nov. 6, 2006). Rather, only *reasonable* attorney fees incurred as a result of the improper removal should be awarded. *See Vetro, Inc. v. Active Plumbing & Heating, Inc.*, 403 F. Supp. 2d 1033, 1039 (D. Colo. 2005).

In determining reasonable attorney fees, the Court will apply the lodestar method. *See Kissinger v. Singh*, 304 F. Supp. 944, 953 (W.D. Mich. 2003). "'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). The starting point in the analysis is the "lodestar figure," which is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Wayne v. Vill. of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)). Duplicative and unnecessary hours should be excluded from the total number of reasonable hours.

The Court begins with counsel's hourly rate. According to the verified bill of attorney fees and costs submitted by Plaintiff's counsel, attorney Eric J. Guerin performed work on the case at the hourly rate of $295.00 and attorney Kathryn D. Soulier performed work at the hourly rate of $185.00. Although attorney Guerin's rate is on the high side, Defendants do not object to the rate and, based upon its own familiarity with rates in the Grand Rapids area, the Court finds that the rate is consistent with rates charged by commercial litigators in this locality.

The number of hours expended by Plaintiff's counsel is more problematic. Plaintiff seeks fees for 22 hours of work. This time was spent reviewing the notice of removal, conducting research for a motion to remand, preparing a letter to Defendants' counsel, speaking with Defendants' counsel by telephone, and drafting, reviewing, and revising the motion for remand and supporting brief. Defendants contend that the number of hours is excessive in light of the work performed. Defendants note, for example, that on September 20, 2006, attorney Guerin spent 3.5 hours reviewing the notice of removal, a three-page document containing eight one-sentence paragraphs. Defendant further notes that Plaintiff seeks fees for five hours of work on October 6, 2006, which included a lengthy telephone call with Defendants' counsel and preparation of the motion to remand. Defendant asserts that this amount would not be excessive if Plaintiff were not also requesting an additional 4.5 hours for research previously done on the motion and 9 additional hours for revisions to the motion. Incidentally, the Court notes that Plaintiff requests 2.25 hours for work performed on September 22, 2006. Although Plaintiff has not separated the time spent on specific tasks on this date, some of this work included reviewing the counterclaim, the third-party complaint, and the exhibits thereto – work which was not necessitated because of the removal.

The Court concludes that the number of hours Plaintiff's counsel spent on the motion and brief were excessive. The defects in the notice of removal were patent, and the grounds for remand were straightforward – whether the amount in controversy requirement was met for subject matter jurisdiction and whether the notice of removal was timely. No legal tome was required. Five hours would have been more than a reasonable amount of time to research the pertinent statutes and case law and draft, revise, and file a motion for remand and supporting brief on these simple issues. *See Trostle v. Avery*, No. 1:06-CV-44 (W.D. Mich. Apr. 5, 2006) (docket no. 24 at 2) (noting that "[t]he remand issue presented by Plaintiff's notice of removal was exceedingly straightforward" and that "[a] quick reading of 28 U.S.C. § 1441(a) would have revealed that only defendants are entitled to

4

remove actions from state court to federal court"). In addition, one hour would have been a reasonable amount of time to review the notice of removal and confer with Defendants' counsel by telephone regarding the removal defects and a possible motion to remand. While Plaintiff's counsel surely believed it to be prudent to send a letter to Defendants' counsel setting forth Plaintiff's legal arguments and authorities, it was not necessary to do so in light of the motion to remand, and the letter merely reiterated what was contained in the motion (or vice versa). Accordingly, the Court will award Plaintiff fees for six hours of work. Because attorney Guerin performed almost all of the work, the Court will use his rate of $295, for a total fee award of $1,770.00. Finally, the Court will award Plaintiff $160.88 for Westlaw charges for computerized legal research. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Determination Of Fees (docket no. 26) is **GRANTED**. Plaintiff is awarded attorney fees in the amount of $1,770.00 and expenses in the amount of $160.88. Defendants shall pay these amounts to Plaintiff within thirty (30) days of the date of this Order.


Dated:  January 18, 2007                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE